

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2009

# Edward Corey Jr. v. Ronnie Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4723

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Edward Corey Jr. v. Ronnie Holt" (2009). *2009 Decisions.* Paper 1544.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1544

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-137                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4723
_____

EDWARD HAROLD COREY, JR.,
                                                    Appellant

v.

RONNIE R. HOLT, WARDEN

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-0760)
District Judge: John E. Jones III

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2009

Before: RENDELL, HARDIMAN and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Filed; April 14, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Appellant Edward Harold Corey, a federal prisoner proceeding *pro se*, appeals

from the order of the United States District Court for the Middle District of Pennsylvania

denying his petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  For the

reasons set forth below, we will summarily affirm.  See I.O.P. 10.6.

In his habeas petition, Corey challenged the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence.  Specifically, he claimed that he should have received 574 days credit toward his current federal sentence for a period when he was held in two county jails prior to his federal sentencing.

Corey received his first federal sentence on May 31, 1988, when he was sentenced to two concurrent 20-year terms of imprisonment for separate bank robbery convictions in the United States District Court for the Southern District of Iowa.  On November 30, 1988, Corey was sentenced to a 20-year term of imprisonment for bank robbery by the United States District Court for the District of North Dakota.  The sentence was to run consecutively to the term of imprisonment in the Southern District of Iowa.  On March 13, 1989, Corey was sentenced to two concurrent 10-year terms of imprisonment for separate bank robbery convictions in the United States District Court for the Northern District of Iowa.  The sentencing judge ordered that the terms run concurrent with each other, but consecutive to the previously imposed terms in the Districts of Southern Iowa and North Dakota.  On January 19, 1990, Corey was sentenced to two consecutive 20-year terms of imprisonment for separate bank robberies in the United States District Court for the Eastern District of Wisconsin.  The sentencing judge ordered that this term run concurrent with the previously imposed terms of imprisonment.

On October 11, 2000, Corey was released on parole with 13,515 days remaining on

his sentences. On November 17, 2000, Corey was arrested by the United States Marshals Service for violations of the conditions of his parole. On January 31, 2001, his parole was revoked. Corey was given no credit for the period from November 4, 2000 to November 16, 2000, thus 13,492 days remained on Corey's parole-violator term.

On December 3, 2001, Corey was released on parole, with 13,110 days remaining on his sentences. He was arrested again for violating the conditions of his release on October 28, 2002. On June 16, 2003, Corey's parole was revoked. He was given no credit for any time spent on parole and, thus, 13,110 days remained on his parole-violator term.

Corey was given a new parole date of January 23, 2004 and was eventually housed at a community corrections center in Cedar Rapids, Iowa, for pre-release services. On December 23, 2003, Corey escaped from the facility. He was later arrested in Marysville, Kansas, on May 10, 2005, and charged with burglary, conspiracy to commit burglary, and theft in state court. Those charges were later dismissed.

The BOP determined that Corey was ineligible for credit toward his sentences for the "inoperable time" between the date of his escape and the date of his arrest. He was given a new parole date of January 23, 2007. After his arrest, Corey was initially housed in the Marshall County Jail in Marysville, Kansas. In order to allow him to begin serving his sentence as of the date of his arrest, the BOP designated that facility as the place of confinement for the resumption of his parole-violator term. Between the time of his

arrest and his parole date, Corey was also incarcerated in Linn County Jail and Benton County Jail, two Iowa state facilities. It is the time spent in these two facilities that Corey sought to have credited toward his present escape sentence in his § 2241 petition.

Corey was paroled on January 23, 2007. On that same day, he was sentenced in the Northern District of Iowa on new federal charges arising from his escape. This sentence was to run consecutively to Corey's prior sentences. Corey began serving that sentence on January 23, 2007, the day that he was paroled from his prior sentences.

The District Court determined that Corey's request to have the time he spent in Linn County Jail and Benton County Jail credited toward his current federal sentence was precluded by statute. Because the time spent in those facilities had already been credited toward his bank robbery sentences, he was not allowed to "double-count" that time toward his current escape sentence.

Corey argued that the time spent in the county facilities had not been counted toward his bank robbery sentences. After examining the BOP's calculations, the district court determined that the time that Corey spent in county prison had already been credited toward his bank robbery sentences. Thus, he was not entitled to a double credit of that time toward his escape sentence.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. When reviewing the denial of a § 2241 petition, we conduct plenary review of a district court's

4

legal conclusions and review the court's factual findings for clear error.  Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

We find no basis for disagreeing with the District Court's conclusion that 18 U.S.C. § 3585(b) prohibits the BOP from crediting a prisoner's sentence for time spent in custody that has already been credited to another federal sentence.  The statute expressly prohibits the double credit Corey seeks, see 18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337 (1992).

As mentioned above, when Corey was released on parole in December 3, 2001, he had 13,110 days remaining on his bank robbery sentences.  He was arrested on October 28, 2002 for violating the conditions of his release, and no credit was given for the time he spent on parole.  Therefore, as of October 28, 2002, Corey had 13,110 days remaining on his sentence.  Corey was incarcerated for 422 days from October 28, 2002 until his escape on December 23, 2003.  The BOP subtracted those 422 days, leaving 12,688 days remaining on Corey's robbery sentences.  Corey did not receive any credit for the 503 days of inoperative time between his escape on December 23, 2003 and subsequent arrest on May 10, 2005.  Between May 10, 2005 and his parole on January 23, 2007, Corey served 624 days, including time spent in Linn County Jail and Benton County Jail.  As a result, the BOP subtracted 624 days from Corey's sentence, leaving 12,064 days remaining at the time of his parole on January 23, 2007, a figure accurately reflected in its report.  See Government's Response at Exh. A-15.  Thus, the district court correctly

5

determined that the time Corey spent in county prisons was properly credited toward his bank robbery sentences and 18 U.S.C. § 3585(b) explicitly precludes that time from also being counted toward his escape sentence.

As there is no substantial question presented by this appeal, we will summarily affirm.  See Third Cir. LAR 27.4; I.O.P. 10.6.